UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARLA L.,

    Plaintiff,                                         Case No. 3:20-cv-102

vs.

COMMISSIONER OF THE SOCIAL           District Judge Michael J. Newman
SECURITY ADMINISTRATION,

    Defendant.

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY DECISION; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 12), the Commissioner's memorandum in opposition (Doc. No. 15), Plaintiff's reply (Doc. No. 16), the administrative record (Doc. No. 11),[2] and the record as a whole.

I.

**A.    Procedural History**

Plaintiff filed for DIB and SSI on February 8, 2013, alleging a disability onset date of August 8, 2012, which she later amended to August 1, 2014.[3] PageID 51, 661, 915, 1126. Plaintiff

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical ... and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations to DIB regulations in this Decision and Entry are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.
[3] The Court recognizes that, for SSI claims, the alleged onset date is the same as the application filing date. *See Miller v. Saul*, No. 1:18-CV-811, 2019 WL 3935205, at *4 (N.D. Ohio, Aug. 20, 2019) (and cases cited therein).

claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease of the cervical and lumbar spine, "aggravated by obesity"; anxiety, posttraumatic stress disorder ("PTSD"), and depression. PageID 53, 286, 663, 916.

In January 2015, ALJ Gregory G. Kenyon held an administrative hearing during which Plaintiff testified. PageID 997-1044. In April 2015, ALJ Kenyon issued a decision finding Plaintiff not disabled. PageID 938-49. After the Appeals Council denied Plaintiff's request for review, she appealed ALJ Kenyon's non-disability decision to this Court. Finding error in the ALJ's decision, this Court reversed and remanded the ALJ's decision for further administrative proceedings. PageID 51-62, 960-62, 964. The Court found the ALJ did not properly review the opinions provided by Plaintiff's treating psychologist, Kristin Rodzinka, Ph.D. *Long v. Comm'r of Soc. Sec.*, No. 3:16cv154, 2017 WL 2416268, at *4 (S.D. Ohio, June 5, 2017), *report and recommendation adopted by* No. 3:16cv154, 2017 WL 3172833, at *1 (S.D. Ohio July 25, 2017). The Court explained,

> Nowhere does the ALJ specifically analyze whether Dr. Rodzinka's conclusions are "well supported by medically acceptable clinical and laboratory diagnostic techniques and ... not inconsistent with other substantial evidence in the case record." As noted by this Court on numerous occasions, such failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions."

*Id*. (quoting 20 C.F.R. § 404.1527(c) and citing *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016)).

On remand, ALJ Kenyon held received another hearing. PageID 912-33. On September 13, 2018, he issued a decision again finding Plaintiff not disabled. PageID 661-80. Specifically, the ALJ found at Step Five of the required sequential evaluation, *see infra*., § II(B), that, based

upon Plaintiff's residual functional capacity ("RFC") to perform a limited range of light work,[4] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 670, 679.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's September 13, 2018 non-disability finding the final administrative decision of the Commissioner. PageID 954-56; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B.     Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 661-80), Plaintiff's Statement of Errors (Doc. No. 12), the Commissioner's memorandum in opposition (Doc. No. 15), and Plaintiff's reply (Doc. No. 16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.     Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether substantial evidence supports the ALJ's non-disability finding, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir.

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.** **"Disability" Defined**

To be eligible for DIB or SSI benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. §§ 423(a)(1), 1382(a). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. §§ 423(d)(1), 1382c(a)(3).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work—and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues the ALJ erred in: (1) failing to identify her obesity at Step Two of the sequential evaluation and failing to consider her obesity at the remaining Steps of the sequential evaluation; (2) improperly weighing the medical source opinions of record (including the opinions of her treating psychologist, Kristin Rodzinka, Ph.D.; her one-time examining psychologist, Donald J. Kramer, Ph.D.; and the state agency non-examining reviewers); and (3) considering Plaintiff's disability rating and benefits as set by the Department of Veterans Affairs ("VA"). PageID 1497-1506.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately

considered all medical evidence; properly weighed opinion evidence based upon reasons supported by substantial evidence (including the opinions of Drs. Rodzinka and Kramer and the state agency record reviewers); reasonably assessed the consistency of Plaintiff's statements regarding her disability with the record as a whole; accurately determined Plaintiff's RFC; posed appropriate hypothetical questions to the Vocational Expert ("VE"); appropriately concluded at Step Five (and in reliance on the VE's sworn testimony), that Plaintiff could perform a significant number of jobs that exist in the national economy.  Moreover, the ALJ, as a matter of law, was permitted to consider, but was not bound by, Plaintiff's VA disability rating when analyzing her application for SSI.  *See* 20 C.F.R. § 404.1504 (effective until March 27, 2017)[5] ("[A] determination made by another agency that you are disabled ... is not binding on us."); *see also Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) ("We have held that a disability rating from the Veterans Administration is entitled to consideration, but we have not specified the weight such a determination should carry when determining social security disability eligibility" (citing *Stewart v. Heckler,* 730 F.2d 1065, 1068 (6th Cir. 1984))).

## IV.

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

March 28, 2022                                                        s/Michael J. Newman
                                                                                    Hon. Michael J. Newman
                                                                                    United States District Judge

---

[5] Recently updated social security regulations concerning disability decisions by the VA and other governmental agencies do not apply to Plaintiff's applications.  *See* 20 C.F.R. § 404.1504 (effective March 27, 2017).